```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TIG INSURANCE CO.,                  :
                                    : 08 Civ. 7322 (JFK)(THK)
            Plaintiff,              :
                                    :
       -against-                    : MEMORANDUM OPINION AND
                                    :        ORDER
                                    :
CENTURY INDEMNITY CO., et al.       :
                                    :
                                    :
            Defendant.              :
------------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This action for breach of facultative reinsurance contracts and declaratory relief was referred to this Court for general pretrial supervision. Presently before the Court is Plaintiff's motion for leave to file a Second Amended Complaint, which is opposed by Defendants. For the reasons that follow, the motion is granted.

## BACKGROUND

Plaintiff TIG Insurance Company ("TIG") filed the Complaint in this action on August 19, 2008, asserting claims against Defendant Century Indemnity Company ("Century"), under a facultative reinsurance contract ("the INA Honeywell Certificate") issued by Century to Plaintiff's predecessor, the International Surplus Lines Insurance Company ("ISLIC"). The reinsurance contract allegedly provided coverage to ISLIC on a policy of excess liability insurance issued by ISLIC to its insured, Eltra Corporation. TIG contends that Century breached its obligations under the Honeywell

certificate. On consent, TIG subsequently filed an Amended Complaint against Century for breach of two additional facultative reinsurance contracts — "the Carpenter Honeywell Certificate" and "the ECRA Honeywell Certificate." The Amended Complaint also added ACE Property & Casualty Insurance Co. ("ACE") as a defendant, alleging similar breach of contract and declaratory judgment claims against ACE on the same two facultative insurance contracts.

TIG now seeks to file a Second Amended Complaint against Century and ACE, to include breach of contract claims against ACE arising out of two additional reinsurance contracts — "the 1983 Conrail Certificate" and the "1984 Conrail Certificate." Defendants oppose the motion arguing that the Conrail Certificate claims have nothing to do with the existing Honeywell claims, because they arise out of a "separate and unrelated environmental insurance coverage declaratory judgment action between TIG and its policyholder, Conrail, and TIG's reinsurance cession to Century and ACE arising from its settlement with Conrail." (Defendants' Memorandum in Opposition to the Motion for Leave to File Second Amended Complaint ("Defs.' Mem.") at 2.) Defendants contend that such an amendment will substantially increase the volume of discovery in this action and require an extension of the Court's discovery schedule.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that

a court "should freely give leave" to a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend should be granted unless there is "any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); see also Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000) (noting that leave to amend is "discretionary" and should be "freely given"); Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

The Second Circuit has observed:

> In determining what constitutes "prejudice" we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.

Block, 988 F.2d at 350 (internal citations and quotation marks omitted). The "grant or denial of an opportunity to amend is within the discretion of the District Court." Foman, 371 U.S. at 182, 83 S. Ct. at 230; accord Zenith Radio Corp. v. Hazeltine

3

Research, Inc., 401 U.S. 321, 330, 91 S. Ct. 795, 802 (1971).

Defendants' primary objection to the proposed amendment is that it involves insurance claims that are unrelated to the TIG/Honeywell settlement and reinsurance cession, and that the addition of such claims "will result in this litigation squeezing a separate and unrelated case into the tight time frame set by the Court for the completion of discovery on the existing TIG/Honeywell claims . . . ." (Defs.' Mem. at 5.)  Essentially, Defendants contend that the amount of discovery that will be required will be substantially increased, and Defendants will be forced to complete such additional discovery in a truncated discovery period. (See id. at 9.)[1]

Defendants' contention that "prejudice exists where the new claims have nothing to do with the existing claims" (Defs.' Mem. at 3), is misplaced.  Joinder of claims against the same party-defendant, whether or not the claims are related, is standard practice and specifically sanctioned by the Federal Rules of Civil

---

[1] Defendants allude to a potential ethical issue the amendment will create, because attorneys at the firm of Siegal & Park, the firm representing Century in this action, have been involved in the declaratory judgment action brought by Conrail against TIG and others.  Thus, Conrail might object to Century's counsel at Siegal & Park securing confidential information in this action about the TIG settlement of the Conrail claims. (See Defs.' Mem. at 11-12.)  Defendants acknowledge, however, that this is merely a potential issue which they do not believe involves an ethical conflict, and, in any event, any such conflict could be addressed by creating an ethical "wall" between the Honeywell and Conrail aspects of this case. (See id. at 12.)

Procedure. See Fed. R. Civ. P. 18(a) ("A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."). The commentary to Rule 18 specifically acknowledges that "Rule 18(a) has permitted a party to plead multiple claims of all types against an opposing party, subject to the court's power to direct an appropriate procedure for trying the claims." Fed. R. Civ. P. 18(a) advisory committee's note to 1966 Amendment; see also Wolde-Meskel v. Vocational Instruction Project Comty. Servs., Inc., 166 F.3d 59, (2d Cir. 1999)("There is no requirement that the aggregated claims (between parties) be factually related; claims joined under Rule 18 need not be part of the same case or controversy as claims over which the court would have independent original jurisdiction."); Preferred Medical, P.C. v. Geico General Ins. Co., No., 03 Civ. 8516 (DF), 2005 WL 309771, at *2 (S.D.N.Y. Feb. 7, 2005) ("Under Rule 18 of the Federal Rules of Civil Procedure, an individual plaintiff may join all claims that it has against a single defendant."); cf. Boston Post Road Med. Imaging, P.C. v. Allstate Ins. Co., No. 03 Civ. 6150 (SAS), 2004 WL 830154, at *3 (S.D.N.Y. Apr. 13, 2004) (permitting assignor-medical provider to aggregate numerous claims for insurance by individual patients, to meet the amount-in-controversy requirement); Deajess Med. Imaging PD v. Allstate Ins. Co., No. 03 Civ. 3920 (RWS), 2004 WL 1632596, at *2 (S.D.N.Y. July 22, 2004) (same).

Consistent with Rule 18(a), courts regularly permit amendments of pleadings to join additional claims, even when the claims arise out of different transactions. See, e.g., SEC v. Gonzalez De Castilla, 184 F. Supp. 2d 365, 380-83 (S.D.N.Y. 2002) (granting summary judgment to defendant on insider trading claim with respect to a tender offer for one company, but granting leave to amend to assert securities law violations with respect to stock transactions relating to another company).[2]

The only remaining objection to the proposed amendment that must be considered is the alleged prejudice resulting from delay and increased pretrial discovery in this action. Delay alone, however, generally is not the type of prejudice that justifies denying an amendment. See Block, 988 F.3d at 350; Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995). Indeed, the delay in this action is de minimis. The Scheduling Order in the case provides for amendment of the pleadings by February 6, 2009 — a deadline that was met. Moreover, pretrial discovery is just beginning. As of the time the motion to amend was filed, the parties had only exchanged initial disclosures, had not even begun documentary discovery, and had taken no depositions.

---

[2] Plaintiff contends that permitting the new claims will provide greater efficiency in litigating its claims, rather than litigating them in separate actions. According to Plaintiff, the same individuals handled the Conrail and Honeywell Claims, and are likely to be witnesses with knowledge about both sets of claims. (See Pl.'s Reply Mem. at 3-4.)

The only real prejudice Defendants contend they will suffer is the need to conduct a greater amount of discovery under a tight discovery schedule. Yet, the need for additional discovery is a consequence of virtually every amendment of the pleadings and, standing alone, does not constitute sufficient prejudice to preclude an amendment. See United States v. Continental Illinois Nat'l Bank and Trust of Chicago, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."); accord Ballard v. Parkstone Energy, LLC, No. 06 Civ. 13099 (RWS), 2008 WL 4298572, at *5 (S.D.N.Y. Sept. 19, 2008). Defendants' reliance on Barrow v. Forest Labs., Inc., 742 F.2d 54 (2d Cir. 1984), is misplaced. In Barrow, the Second Circuit found that the district court acted within its discretion in denying leave to amend the complaint to assert a new theory of damages, when the amendment was proposed two and one-half years after the original complaint had been filed and a substantial amount of discovery had been completed, and the amendment would have "suddenly transformed" a routine lawsuit for recission of a contract into a "high stakes" battle for substantial damages which, as a matter of law, was an untenable theory of recovery. (Id. at 58-59.) Similarly, in Ruotolo v. City of New York, 514 F.3d 184 (2d Cir. 2008), also relied upon by Defendants, the court affirmed the denial of a motion to amend that was filed almost three years

7

after the original complaint had been filed, and after there had been discovery and a judgment had been entered dismissing the complaint. (See id. at 190-92.)

As discussed, in this action discovery has barely commenced. Courts routinely allow amendments of pleadings where cases are far more advanced than the instant action. See, e.g., Continental Illinois Nat'l Bank, 889 F.2d at 1254-55 (authorizing amendment of answer after there had been pretrial discovery and a motion for summary judgment had been filed); State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (authorizing amendment after discovery had been completed); Ballard, 2008 WL 4298572, at *4-5 (permitting amendment eleven months after filing original pleading and after summary judgment had been denied); Gonzalez De Castilla, 184 F. Supp. 2d at 383 (citing cases where leave to amend was granted late in the litigation).

Defendants also rely heavily on the Second Circuit's decision in Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985), in arguing that granting leave to amend would be prejudicial. It is true that in Ansam, the Second Circuit affirmed the district court's denial of leave to amend, where the proposed "new claims involved a different period of time and were derived from a different statute," than the original claims. Id. at 446. However, Defendants misread Ansam as assuming "prejudice exists where the new claims have nothing to do with the existing claims."

8

(Defs.' Mem.. at 3.) The Court in <u>Ansam</u> merely found that the district court had not abused its discretion in denying a motion to amend where "permitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and [the defendant] had already filed a motion for summary judgment." <u>Ansam</u>, 760 F.2d at 44; see <u>Continental Illinois Nat'l Bank</u>, 889 F.2d at 1255 ("In <u>Ansam Assocs.</u>, for example, plaintiff sought to amend its complaint after the time for discovery had run to allege 'new claims concern[ing] a different period of time and . . . derived from a different statute.'"); <u>Smith v. Steamfitters' Industry Pension Fund</u>, 204 B.R. 358, 361 (E.D.N.Y. 1997) ("[I]n <u>Ansam Assocs., Inc. v. Cola Petroleum, Ltd.</u>, the lower court's denial of leave to amend was upheld where the proposed amendment would have been especially prejudicial because the new claims were based on a completely different time period, the parties had already completed discovery and a summary judgment motion had been filed by the defendant.") (internal quotation marks omitted). By contrast, here discovery is just beginning and no dispositive motions have been filed.

Finally, while it is premature to address at this time, if necessary, the Court can amend the discovery schedule to take into account the need to conduct additional discovery.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the

9

Complaint is granted.   Plaintiff shall file the Second Amended Complaint promptly.

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: April 8, 2009
       New York, New York