**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
TIG INSURANCE COMPANY,                    :

              <u>Plaintiff</u>,         :
                                    No. 08 Civ. 7322 (JFK)
      -against-                 :
                                 <u>**Memorandum Opinion**</u>
CENTURY INDEMNITY COMPANY and             :        <u>**& Order**</u>
ACE PROPERTY and CASUALTY
INSURANCE COMPANY                         :

              <u>Defendants</u>.         :
----------------------------------X
**JOHN F. KEENAN, United States District Judge:**

        The great American humorist, W.C. Fields, once famously proposed the following epitaph for himself: "All things considered, I'd rather be in Philadelphia." That sentiment is shared by the defendants in this reinsurance collection dispute, Century Indemnity Company ("Century") and ACE Property & Casualty Insurance Company ("ACE P&C"). Defendants are Philadelphia-based reinsurance companies who are licensed to do business in New York and have assumed obligations under certain facultative reinsurance certificates, three of which were negotiated, underwritten, and issued in New York in the 1970s. Plaintiff TIG Insurance Company ("TIG") is a California insurance company with its principal office in Manchester, New Hampshire, and has assumed the rights under those certificates.

In 2007 and 2008, plaintiff submitted proofs of losses and billings under the certificates to defendants' claims adjuster, Resolute Management, Inc. ("Resolute Management"), and to third-party reinsurance managers, Carpenter Management Company ("Carpenter Management") and the Excess and Treaty Management Corporation ("ETMC"), all of whom currently are located in Philadelphia. Following defendants' refusal to pay the billings, TIG commenced this action here in the Southern District of New York. It is undisputed that venue is proper.

Defendants now move to transfer venue to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Oral argument on the motion was heard this morning. For the reasons discussed below, the motion is denied.

## Discussion

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden rests on the moving party to make a "clear and convincing" showing that transfer is appropriate. Atlantic Recording Corp. v. Project Playlist, Inc., 603 F. Supp. 2d 690, 695 (S.D.N.Y. 2009) (quoting Millennium L.P. v. Dakota Imaging, Inc., No. 03 Civ. 1838 (RWS), 2003 WL 22940488, at *6 (S.D.N.Y. Dec. 15, 2003)); Reliance Ins. Co. v. Six Star, Inc., 155 F.

Supp. 2d 45, 56 (S.D.N.Y. 2001).  A district court has broad discretion to make determinations of convenience and fairness on a case-by-case basis. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006) (citing In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992)); Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989).

In deciding whether transfer is appropriate, courts have considered several factors, including (1) the locus of the operative facts, (2) the convenience of the witnesses, (3) the convenience of the parties, (4) the location of relevant documents and relative ease of access to sources of proof, (5) the availability of process to compel attendance of unwilling witnesses, (6) the relative means of the parties, (7) a forum's familiarity with the governing law, (8) the weight accorded a plaintiff's choice of forum, and (9) the trial efficiency and the interests of justice based on the totality of circumstances. Royal Ins. Co. v. Tower Records, Inc., No. 02 Civ. 2612 (PKL), 2002 WL 31385815, at *3 (S.D.N.Y. Oct. 22, 2002); D.H. Blair, 462 F.3d at 106-07.  "There is no rigid formula for balancing these factors and no single one of them is determinative." Liberty Mut. Fire Ins. v. Costco Wholesale Corp., No. 06 Civ. 5226 (PKL), 2007 WL 2435159, at *2 (S.D.N.Y. 2007) (quoting

Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).  "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Farberware Licensing Co. LLC v. Meyer Marketing Co., No. 09 Civ. 2570 (HB), 2009 WL 1357956, at *2 (S.D.N.Y. 2009) (quoting Aerotel Ltd. v. Sprint Corp., 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000)).

Plaintiff concedes that this action could have been brought in the Eastern District of Pennsylvania.  Therefore, the only question is whether transfer is appropriate considering the factors listed above.  Defendants' main arguments are that (1) Philadelphia would be a more convenient forum for themselves, for party witnesses from Resolute Management, and for non-party witnesses from Carpenter Management and ETMC and (2) the locus of operative facts is in Philadelphia, where the reinsurance claims and billings were reviewed and denied.

Generally the most important factor in the § 1404(a) analysis, the convenience of parties and witnesses offers little support for transfer in this case.  "In most circumstances, a litigant seeking to transfer an action to a nearby district will find it difficult to demonstrate the degree of inconvenience necessary to prevail." CNA Ins. Co. ex rel. Marine Office of America Corp. v. Martin Automatic, U.K., Ltd., No. 02 Civ. 1693 (GEL), 2002 WL 1879952, at *2  (S.D.N.Y. Aug. 14, 2002) (Lynch,

J.).    That is so because the transfer statute primarily "was designed and reserved for those instances where the transfer was sought to a District Court substantially distant from the district where the action had been instituted; otherwise it is difficult to imagine that there could be real inconvenience to the parties or witnesses" in ordinary cases. Jenkins v. Wilson Freight Forwarding Co., 104 F. Supp. 422, 425 (S.D.N.Y. 1952); see also 15 Charles A. Wright et. al., Federal Practice and Procedure § 3854 (stating that transfer for inconvenience is not appropriate when distance between two courts is relatively short and easily traveled).    Indeed, several courts have denied transfer from New York to Philadelphia, or vice versa, based on a claim of inconvenience, given the short distance and the ease of travel between the two cities.    For example, in an era predating high-speed rail service, Judge Gurfein ruled that, "in view of the proximity of Philadelphia to New York, there is no reason why, in the interest of justice, the plaintiffs' choice of forum should be disturbed." Paragon Int'l, N.V. v. Standard Plastics, Inc., 353 F. Supp. 88, 92 (S.D.N.Y. 1973); see also Blanning v. Tisch, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) ("The court takes judicial notice of the comparatively short distance and the rapid, efficient transit between Philadelphia and New York. These factors have prompted several courts to deny transfer motions from Philadelphia to New York." (citing

cases)); Hatfield, Inc. v. Robocom Sys. Int'l, Inc., Civ. A.
No. 98-4004, 1999 WL 46563, at *2 (E.D. Pa. Jan. 15, 1999)
(denying motion to transfer case to New York in part because
"the distance between the two venues is not great and
transportation is readily available"); Morris Black & Sons v.
Zitone Const. and Supply Co., Inc., No. 04 Civ. 2608, 2004 WL
2223310, at *3 (E.D. Pa. Oct. 1, 2004) ("The relatively short
distance between this judicial district and the Southern
District of New York weighs heavily against the transfer of this
action."); see also CNA Ins. Co., 2002 WL 1879952, at *2
(stating that, even though Philadelphia was locus of operative
facts and more convenient than New York for witnesses and access
to proof, "the Court would not necessarily find these factors,
by themselves, sufficient to justify transfer to a judicial
district as close as the Eastern District of Pennsylvania").

When asked at oral argument, defendants could not say
that the 95-mile jaunt from Philadelphia to New York,
accomplishable in an hour-and-a-half train ride, actually would
pose an inconvenience for any witness. Defendants are
sophisticated insurance companies that frequently litigate in
this district. Having assumed obligations under reinsurance
certificates made in New York, they should expect to be sued
here. Furthermore, plaintiff has identified several non-party
witnesses in New York who were involved in the negotiation,

underwriting, and issuance of several of the certificates. These witnesses would be equally inconvenienced by the trip down to Philadelphia.

Defendants' argument about the locus of operative facts also is unavailing. To determine a case's center of gravity, courts look to the "site of the events from which the claim arises." 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 134 (S.D.N.Y. 1994). Generally, a contract dispute arises "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." Prudential Sec. Inc. v. Norcom Dev., Inc., No. 97 Civ. 6308 (DC), 1998 WL 397889, at *4 (S.D.N.Y. July 16, 1998). However, in determining the locus of operative facts "[i]n disputes regarding interpretation of insurance contracts, courts typically limit their inquiry to where the insurance contract was made." Liberty Mut. Fire Ins. v. Costco Wholesale Corp., No. 06 Civ. 5226 (PKL), 2007 WL 2435159, at *5 (S.D.N.Y. 2007); Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 405 (S.D.N.Y. 2005); Royal Ins. Co., 2002 WL 31385815, at *3-4. Here, three of the facultative reinsurance certificates at issue were made in New York, and none were made in Philadelphia. Defendants contend that "this case involves insurance and reinsurance claims and billings, not issues concerning the negotiation, underwriting, or issuance of the

contracts." (Defs.' Reply Mem. at 3.)   This contention is belied by the affirmative defenses they raise in their answer, many of which concern the extent of coverage and the interpretation of the certificates.

The Court has considered the remaining § 1404(a) factors and finds most of them to be neutral or to tilt in favor of retaining venue.  Defendants have failed to make a clear and convincing showing that considerations of fairness and convenience weigh heavily in favor of transfer. Therefore, plaintiff's choice of forum will not be disturbed, and defendants' motion is DENIED.

SO ORDERED.

Dated:   New York, New York
         June 4, 2009

                              _____
                                    JOHN F. KEENAN
                              United States District Judge